IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 8, 2001

## STATE OF TENNESSEE v. ERNEST SOLOMAN

**Direct Appeal from the Criminal Court for Shelby County
No. 98-00264, 65, 66, 69    Carolyn Wade Blackett, Judge**

---

### No. W2000-01176-CCA-R3-CD - Filed May 31, 2001

---

The defendant was convicted in the Shelby County Criminal Court of two counts of aggravated robbery, one count of attempted aggravated robbery, and one count of aggravated assault. He appealed the aggravated robbery convictions, arguing that the proof was insufficient to sustain the convictions. We affirm the judgments of the trial court but remand for resentencing as to the conviction for attempted aggravated robbery.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed and Remanded for Resentencing

ALAN E. GLENN, J., delivered the opinion of the court, in which L. TERRY LAFFERTY, SR.J., joined. DAVID H. WELLES, J., Not Participating.

A C Wharton, Jr., Shelby County Public Defender; Garland Ergüden, Assistant Public Defender (on appeal); and Robert Felkner, Assistant District Public Defender (at trial) for the appellant, Ernest Soloman.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; William L. Gibbons, District Attorney General; and Glen Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant was convicted in the Shelby County Criminal Court of two counts of aggravated robbery [one count each as to Mary Black and Contina Black], one count of attempted aggravated robbery [Lance Black], and one count of aggravated assault [Nicole Black]. The defendant was sentenced to ten years on each of the robbery convictions and four years on the aggravated assault conviction, with all sentences to be served concurrently. He appealed his two aggravated robbery convictions, arguing that the evidence was insufficient for findings of guilt. Based upon our review, we affirm the judgments of conviction but remand for resentencing and correction of the judgment as to Indictment No. 98-00264.

The defendant appealed only the two convictions for aggravated robbery, the victims being Mary Black, and her daughter, Contina Black, with the sole issue on appeal being the sufficiency of the evidence. This appeal was brought only by the defendant, Ernest Soloman, although he was tried with a co-defendant, Lajuan Williamson.

Mary Black testified that as she arrived home in her automobile at approximately 9:00 p.m. on July 24, 1997, and retrieved her purse from the trunk, she was accosted first by a man, whom she later identified as the defendant, armed with a pistol, and then by a second man, identified as the co-defendant, Lajuan Williamson, armed with a shotgun. The men ordered her into the house at gunpoint, and the defendant asked where her son's room was. After Ms. Black directed him to her son's room, the defendant disabled one of the telephones by pulling it from the wall and then left the living room, leaving Ms. Black with Williamson. The defendant went into the room where Ms. Black's oldest daughter, Contina Black, was talking on another telephone and jerked that telephone from the plug. He ordered the two of them to sit on the sofa and took Mary Black's rings, including her wedding ring, and watch and took Contina Black's necklace, ring, and watch. Williamson stayed with the two of them, and, as police officers arrived, he yelled back to the defendant, who was still in another part of the house, warning him that the police had arrived. Mary Black said that as police officers came into her house, the two men jumped out of a window.

Contina Black described the entry of the two men into the house, saying that "[t]hey forced their way in. They both had guns. One had a shotgun and the other had a pistol or some type of gun." The defendant, armed with a pistol, went to the back of the house to the bedrooms, and Williamson, armed with a shotgun, held her and her mother in the living room. Contina Black heard, from the part of the house where the defendant had gone, "[a] lot of commotion going on, a lot of screaming, and we were asking him [Williamson] could we at least go get my sister. And he was like, no, you can't go in there and get her; don't worry about what's going on back there." She said that both the defendant and Williamson were arrested at the house by police officers.

Nicole Black testified that she was inside the house as the two men came in holding a shotgun to her mother's head. She yelled for her sister to call the police and ran to the living room. The defendant came running to where she had hidden herself. As she was trying to call the police, the defendant, who was "hysterical," snatched the telephone from the wall and asked if she had called the police. She told him that she had not, but he put his gun to her head and pulled the trigger. Fortunately, it did not go off. He took her into the room of her brother, Lance Black, where he asked her brother where the money and drugs were hidden and took money from her brother's pockets. She then ran back into her bedroom and hid from the defendant. She heard Williamson yell that the police were there, and the two men then "scattered out."

Lance Black testified that the defendant and Williamson came in the house "pointing the guns and talking about some money." The defendant took money and marijuana from him.

Officer Alexander McGowan testified that as he arrived at the house and went to the front door, Williamson turned and pointed a shotgun in his direction. McGowan then backed up and saw

another police car arriving. He saw both defendants trying to leave the house through the same window. Officer Elgin Lee testified that he saw the defendant trying unsuccessfully to leave through a window. He saw Williamson drop the sawed-off shotgun. He used a chemical agent to subdue the defendant who was aggressive with another officer and attempting to flee.

The defendant did not testify and presented no proof in his defense.

## ANALYSIS

The defendant argues that the evidence at trial was insufficient to convict him of the essential elements of criminal responsibility for aggravated robbery. We disagree. The defendant is initially cloaked with a presumption of innocence, but this presumption is lost once the defendant is convicted by a jury. Thus, on appeal, the defendant has the burden to prove that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). We must affirm the conviction, unless the evidence at trial was so deficient that no rational trier of fact could have found all of the essential elements of the convicting crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994). This applies to convictions based on either direct or circumstantial evidence or a combination of the two. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). In determining the sufficiency of the evidence, we do not reweigh the evidence or substitute our own inferences for those of the jury. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). In addition, we give the strongest legitimate view of the evidence and all reasonable inferences to the State. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992), cert. denied, 507 U.S. 954, 113 S. Ct. 1368 (1993). With these principles in mind, we turn to the trial evidence and instructions.

In addition to instructing the jury as to the aggravated robberies of Mary Black and Contina Black, the court also instructed as to criminal responsibility:

> The Defendants are criminally responsible as a party to the offense of Aggravated Robbery and Aggravated Assault if the offenses were committed by the Defendants' own conduct, by the conduct of another for which the Defendants are criminally responsible, or by both. Each party to the offense may be charged with the commission of the offense.

> The Defendants are criminally responsible for an offense committed by the conduct of another if, acting with the intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the Defendants solicits, directs, aids, or attempts to aid another person to commit the offense.

> Before you find the Defendants guilty of being criminally responsible for said offenses committed by the conduct of another,

you must find that all the essential elements of said offenses have been proven by the State beyond a reasonable doubt.

The testimony of Mary Black and Contina Black was that the defendant and Williamson, both armed, forced their way together into Mary Black's house and, still together, subdued these two victims while trying to prevent them and others in the house from calling for assistance. The defendant then went to the back of the house, apparently to rob Lance Black, while his co-defendant remained with Mary Black and Contina Black, robbing them and keeping them under control. When police arrived, Williamson then yelled to the defendant to warn him of this fact. From this evidence, a reasonable jury could find that the two defendants were acting in concert to control and rob the victims. Accordingly, we conclude that the evidence was sufficient to sustain both convictions of which the defendant complains.

Indictment No. 98-00264 charged the defendant with the aggravated robbery of Lance Black. However, in the instructions, the trial court informed the jury that "upon agreement with this court, [Soloman] will be charged with the lesser included offense of criminal attempt; to wit: aggravated robbery." Although the jury was instructed only as to attempted aggravated robbery and attempted robbery for this offense, their verdict was that the defendant was guilty of aggravated robbery. In a bench conference following the verdict, but before the jury had been released, counsel for the defendant agreed that the verdict should show a finding of guilt as to the charge of attempted aggravated robbery, rather than being returned to the jury for additional instructions. At the subsequent sentencing hearing, however, the defendant was sentenced as if the conviction in Indictment No. 98-00264 had been for aggravated robbery; and the judgment form reflects that his conviction was for this offense, which is a Class B felony. However, attempted aggravated robbery is a Class C felony. Tenn. Code Ann. § 39-12-107(a). Accordingly, we remand for resentencing as to Indictment No. 98-00264 and for entry of a judgment reflecting that the conviction was for attempted aggravated robbery. In all other aspects, the judgments are affirmed.

_____
ALAN E. GLENN, JUDGE

-4-